# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) Case No.: 12-07314 |
| | ) |
| JAMILLA JOHNSON-BROOKS, | ) |
| | ) |
| Debtor. | ) JUDGE: Jack B. Schmetterer |
| | ) |
| JAMILLA JOHNSON-BROOKS, | ) |
| | ) |
| Plaintiff | ) ADV. NO. 12-01496 |
| v. | ) |
| | ) JUDGE: Jack B. Schmetterer |
| Deutsche Bank National Trust Company, | ) |
| as certificate trustee on behalf of | ) |
| Bosco Credit II Trust Series 2010-1, | ) |
| | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 (hereinafter, "Deutsche Bank") the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff filed a petition for relief under Chapter 13 of the United States Code (the "Bankruptcy Code") on February 28, 2012.

2. Defendant DEUTSCHE BANK is a lending institution having a mailing address of c/o Franklin Credit Management Corporation, P.O. Box 2301, Jersey City, NJ 07303-2301 for matters related to Bankruptcy Real Estate.

3. This adversary proceeding arises under sections 502 and 506 of the Bankruptcy Code.

4. This Court has jurisdiction under 28 U.S.C. 1334.

5. Plaintiff JAMILLA JOHNSON-BROOKS is the owner of real estate located at 14736 Dobson Avenue, Dolton, IL 60419 (hereinafter the "Subject Real Estate"), PIN: 29-11-119-034-0000.

6. The Subject Property is an investment property, Plaintiff's former residence.

7. The fair market value of the Subject Property is $25,000.00.

8. A first mortgage lien is currently held by JPMorgan Chase Bank, NA, in the amount of approximately $82,000.00, according to a credit report pulled on October 12, 2011.

9. Defendant's second mortgage is in the amount of $24,647.74, according to their proof of claim filed on April 24, 2012.

10. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim and Defendant's lien is void to the extent it is not allowed a secured claim.

11. The amount owed on the first mortgage, $82,000.00, exceeds the value of the above real estate, $25,000.00.

12. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be avoided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Cir. 1990); Holloway v. U.S., 2001 WL 1249053 (N.D.Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D.Ill. 2002); In Re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re

Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000); In re Mann, 249 B.R. 831 (1st Cir. BAP 2000); In re Pond, 252 F.3d 1222 (2nd Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1, stripping the Defendant's second mortgage on the Plaintiff's real estate located at 14736 Dobson Avenue, Dolton, IL 60419.

Dated: 11/20/12

ENTERED

U.S. Bankruptcy Judge

NOV 20 2012

Deadra Woods Stokes #6231406
Deadra Woods Stokes & Associates, PC
4747 West Lincoln Mall Drive
Suite 410
Matteson, IL 60443
708-283-5900

3